[No. 4142.]

## BARELA v. TOOTLE, HOSEA & COMPANY.

1. APPELLATE PRACTICE—APPEAL BONDS—LIABILITY OF SURETIES.
    Where a defendant, against whom judgment was rendered in the county court, appealed to the district court where judgment was rendered for defendant from which plaintiff appealed to the court of appeals which reversed the judgment of the district court, and upon a second trial judgment was rendered for plaintiff, the first judgment of the district court being for defendant did not discharge from liability the sureties on defendant's appeal bond from the county to the district court The only valid and binding judgment of the district court was the one finally rendered in accordance with the opinion of the court of appeals and the sureties on the appeal bond from the county court were bound to pay that judgment if required by the conditions of the bond.

2. SAME—CONDITIONS OF BOND.
    Where on appeal from the county court to the district court one of the conditions of the appeal bond was to pay any judgment the supreme court might direct. The fact that the supreme court directed no judgment would not relieve the sureties from liability where there were other conditions in the bond sufficient to create a liability. It is immaterial that an appeal was taken from the district court to the court of appeals instead of to the supreme court.

3. SAME—CHANGE OF VENUE.
    Where an appeal was taken from the county court to the district court of the county, the fact that after the appeal was perfected the case was removed on change of venue to the district court of another county would not relieve the sureties on the appeal bond from liability.

4. APPEAL BONDS—LIABILITY OF SURETIES.
    Where on appeal from the county court to the district court the appeal bond was conditioned to pay all costs and damages adjudged to the appellee on appeal and to satisfy the judgment appealed from instead of the statutory condition to pay any judgment the district court should render, and the district court rendered a judgment against appellant in a greater amount than that of the county court, the measure of the liability of the sureties on the appeal bond was the original judgment of the county court with interest and costs.

*Error to the District Court of Las Animas County.*

Mr JOHN R. DIXON for plaintiff in error.

Mr. JUSTICE STEELE delivered the opinion of the court.

Upon an appeal from the county court to the said

trict court of Las Animas county from a judgment rendered in December, 1888, in favor of Tootle, Hosea & Company and against John Davis and Thomas Cook, co-partners, in the sum of $1,815.00, and costs, Cook filed his appeal bond in the penal sum of $3,830 00, with Casimiro Barela as surety, conditioned as follows:

"The condition of the above obligation is such, That whereas, the said Tootle, Hosea & Company did, on the —— day of Dec. one thousand eight hundred and eighty-eight, at a term of the county court then being holden within and for the county of Las Animas and State of Colorado, obtain a judgment against the above bounden Thos. Cook for the sum of eighteen hundred and fifteen dollars and —— cents, and costs of suit, from which judgment the said Thomas Cook has prayed an appeal to the district court of said 3rd Judicial Dist., in and for the said county of Las Animas and State of Colorado. Now if the said Thos. Cook shall duly prosecute said appeal, and shall moreover pay to the appellee all costs and damages that shall be judged to the appellee on the appeal and also that the appellant will satisfy and perform the judgment or order appealed from in case it shall be affirmed, and any judgment or order which the supreme court may render or order to be rendered by the inferior court, not exceeding in amount or value the original judgment or order and all rents or damages to property during the pending of the appeal, out of the possession of which the appellee is kept by reason of the appeal, then this obligation to be null and void, otherwise to remain in full force and virtue."

The judge of the district court having acted as counsel for one of the parties, the cause was sent to

the district court of Pueblo county for trial. The
trial in the district court resulted in a judgment for
the defendant. The plaintiff appealed to the court
of appeals. That court reversed the judgment of the
district court and remanded the cause. Upon the
second trial in the district court, judgment was ren-
dered in favor of the plaintiff for the sum of $2,-
802.75. No appeal was taken from this judgment.
Suit was brought upon the appeal bond in the district
court of Pueblo county, and the case was sent to
Las Animas county upon change of venue. Separate
answer was filed by Barela, setting forth the facts
substantially as stated above; demurrer to the an-
swer was sustained, and, upon defendant's electing to
stand by the answer, judgment was rendered against
him (the defendant Cook having made default) and
his co-defendant in the sum of $3,350.80, and costs.
From this judgment the defendant appealed to the
court of appeals. The case was sent here from the
court of appeals.

The plaintiff in error claims: 1. That when the
district court, upon the first trial, rendered judgment
in favor of the defendants in the suit, it operated to
discharge him as surety upon the appeal bond. 2.
That the conditions of the bond do not require him
to pay a judgment rendered by the district court,
when an appeal to the court of appeals was taken,
and that he only bound himself to pay such judgment
as the supreme court should direct. 3. That in no
event should he be required to pay more than the
original judgment of the county court, with interest
and costs. 4. That he did not agree to pay any
judgment that might be rendered by the district
court of Pueblo county; and that, when the venue of
the case was changed, he, not having assented there-

to, was discharged from liability.

It is true, as alleged by counsel, that the bond sued upon is not in the form prescribed by statute (1 Mills Ann. Stat. § 1086); but, whether it is a statutory bond or not, in its construction we are to be controlled by its conditions. One of the conditions of the bond is, to pay such costs and damages as may be awarded by the district court. We cannot agree with counsel in his contention that when the district court rendered judgment in the first instance for the defendants, the sureties upon the appeal bond were discharged. The judgment of the district court was suspended for all purposes by the appeal to the court of appeals, and upon its reversal was of no binding effect. When the district court finally rendered judgment, the judgment then pronounced was the only valid and binding judgment rendered in the case, and the sureties upon the appeal bond from the county court to the district court were bound to pay that judgment, if required by the conditions of the bond. We do not think that the condition of the bond by the terms of which the surety agreed to pay any judgment directed by the supreme court need be considered. The supreme court directed no judgment to be rendered; and we think it not material that an appeal was taken to the court of appeals instead of to the supreme court, or that the court of appeals was not in existence at the time of the giving of the bond. The bond contains several conditions; one of them is, in substance, to satisfy the judgment of the county court if affirmed by the district court, and we will consider that condition only. The fact that the place of trial was changed does not affect the liability of the surety. The law on the subject of venue was written into the bond as one of

its conditions, and when the venue of the case was changed from Las Animas county to Pueblo county the surety became liable for any judgment which the district court of Pueblo county might render. The record of the proceedings in the county court is not before us, and we are not advised as to the nature of the action brought. The record shows that judgment was rendered in 1888 in the county court for $1,815.00, and that in 1894 judgment was rendered in the same cause in the district court for the sum of $2,802.75, and costs. The judgment appealed from is $3,350.80. This amount is in excess of the judgment of the county court with legal interest; and the condition of the bond requires only tl a: the judgment of the county court be paid, together with such costs and damages as the district court may award. The language used in the bond is as follows: "Now if the said Thomas Cook shall duly prosecute said appeal and shall moreover pay to the appellee all costs and damages that shall be judged to the appellee on the appeal and also that the appellant will satisfy and perform the judgment or order appealed from, in case it shall be affirmed, * * * then this obligation to be null and void, otherwise to remain in full force and virtue." This is not the condition required by the statute, and by it the surety upon the bond obligates himself to pay, not any judgment the district court shall render, but only such costs and damages as the district court shall adjudge; and that he will satisfy or perform the judgment appealed from. That judgment was $1,-815.00 and costs. The district court should have rendered judgment against Barela for the amount of the original judgment with interests and costs, and no more.

The cause is reversed, with directions to the district court to render judgment in accordance with this opinion.

*Reversed.*